Judgment reversed, and new trial ordered in County Court.

---

PEOPLE v. LEWIS.

(Court of Special Sessions, New York County. May 24, 1915.)

HEALTH ☞32—STATUTORY PROVISIONS—VIOLATION OF LABOR LAW.

Where the defendant, as manager, at times used a door in a wooden partition between the factory of his employers and that of another fac- tory on the same floor of a loft, for business purposes, but kept it bolted during working hours, when not so used, he was guilty of a violation of Labor Law (Consol. Laws, c. 31) § 79c3, as added by Laws 1913, c. 461, providing that no door leading into or out of any factory or floor thereof shall be locked, bolted, or fastened during working hours.

[Ed. Note.—For other cases, see Health, Cent. Dig. § 32; Dec. Dig. ☞32.]

Defendant was charged with violation of Labor Law, § 79c3. Judg- ment of conviction.

Argued before O'KEEFE, P. J., and FRESCHI and MOSS, JJ.

Frederick H. Cunningham, of New York City, for the People.

Mark E. Goldberg, of New York City, for defendant.

FRESCHI, J. At a factory building, No. 594 Broadway, in the city and county of New York, the defendant, the manager of S. Noveck & Co., shirt manufacturers, kept a door locked in the factory of his employers during working hours. The eighth floor loft is bisected by a wooden partition, in which the door in question is placed; Noveck & Co. occupying the front half of this loft as a factory, and one V. Luciano maintaining a laundry in the remainder of the loft. These

are distinct and separate factories, adjacent to each other. The door is used at times by Noveck & Co. in passing into and from Luciano's place to serve their business purposes, and when the door is not so used the defendant keeps the door bolted as stated.

This violates section 79c3 of the Labor Law, which provides that all means of egress shall be maintained in an unobstructed condition, and that no door leading into or out of any factory or any floor thereof shall be locked, bolted, or fastened during working hours. See, also, section 79b1, Labor Law. The purposes of this statute are obvious.

The people have sustained the burden of proof, and I vote to find the defendant guilty.

O'KEEFE, P. J., and MOSS, J., concur.